# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

BENEDICTA FOWLKES,

**Plaintiff,**

**v.**　　　　　　　　　　　　　　　**Case No. 26-CV-733**

NBA/WNBA,

**Defendants.**

---

## ORDER AND RECOMMENDATION

---

Currently pending before the court is Benedicta Fowlkes's Motion to Proceed in District Court without Prepaying the Filing Fee. (ECF No. 2.) Having reviewed Fowlkes's request, the court concludes that she lacks the financial resources to prepay the fees and costs associated with this action. Therefore, Fowlkes's Motion to Proceed in District Court without Prepaying the Filing Fee (*id.*) is granted.

Because the court is granting Fowlkes's motion, it must proceed with the second step of the analysis under 28 U.S.C. § 1915 and determine whether the complaint is legally sufficient to proceed.

### 1. Legal Standards

Congress sought to ensure that no citizen would be denied the opportunity to commence a civil action in any court of the United States solely due to poverty. *Denton v.*

*Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)). However, Congress also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To balance these competing concerns, before the court can allow a plaintiff to proceed in forma pauperis it is obligated to determine that the case (1) is not frivolous or malicious, (2) does not fail to state a claim upon which relief may be granted, and (3) does not seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Thus, although "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), a pro se complaint must meet these minimal standards before the court shall grant a plaintiff leave to proceed in forma pauperis.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton*, 504 U.S. at 31; *Neitzke*, 490 U.S. at 325. Although factual allegations must be weighed in favor of the plaintiff, that does not mean that the court is required to accept without question the truth of the plaintiff's allegations. *Denton*, 504 U.S. at 32. Thus, a court may dismiss a claim as frivolous if it is "clearly baseless," "fanciful," "fantastic," "delusional," "irrational," "wholly incredible," or "based on an indisputably meritless

2

legal theory." *Id.* at 32–33. A court may not dismiss a claim as frivolous "simply because the court finds the plaintiff's allegations unlikely." *Id.* at 33.

A claim might not be frivolous or malicious but nonetheless fail to state a claim upon which relief may be granted and, therefore, be subject to dismissal. In determining whether or not a complaint is sufficient to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), the court applies the same well-established standards applicable to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the allegations in a complaint need not be detailed, a complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks, citation, and brackets omitted). The complaint must be sufficiently detailed "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (quotation marks and ellipses omitted).

If the complaint contains well-pleaded, non-frivolous factual allegations, the court should assume the veracity of those allegations and "then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

**2. Factual Allegations**

With the standards set forth in 28 U.S.C. § 1915(e)(2) in mind, the court turns to the allegations in the plaintiff's complaint. Fowlkes names the NBA/WNBA as defendants. (ECF No. 1 at 2.) She alleges that the defendants have harassed her since birth. (*Id.* at 3.) Fowlkes claims that, as a child, the defendants "tried to claim [her] good looks in a effect to claim that the Milwaukee Bucks can't be around pretty girls such as [her]self." (*Id.* at 2.) She further states that she wants her looks and health restored and seeks an award of 20 to 351 million dollars. (*Id.* at 4.)

Additionally, Fowlkes alleges that the defendants have tried to get her fired from every job she has held. (ECF No. 1 at 3.) She claims the defendants prevented her from obtaining certain degrees and she demands relief in the form of an honorary law degree, master's degree, and nursing degree. (*Id.* at 3–4.) She also requests the return of a ranch home in Glendale that she alleges was stolen from her by the defendants. (*Id.* at 3–4.)

4

### 3. Analysis

Federal district courts are courts of limited jurisdiction that may entertain cases only where jurisdiction is authorized by the Constitution or by federal statute. *See International Union of Operating Engineers*, *Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009); *see also Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1316 (7th Cir. 1997). Fowlkes invokes the court's federal question jurisdiction under 28 U.S.C. § 1331 but has not alleged facts in support of a federal claim.

Fowlkes's complaint is difficult to understand and checks each box for fanciful, irrational, and delusional. Even construing the complaint liberally, the court finds no credible cause of action. *See Denton*, 504 U.S. at 32 (explaining that a court may dismiss a complaint as frivolous if the alleged facts alleged are "clearly baseless" or "wholly incredible").

### 4. Conclusion

Ordinarily, the court would permit a *pro se* plaintiff one opportunity to amend her complaint before recommending that an action be dismissed, but the court need not do so where any amendment would be futile. *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013). Because Fowlkes's allegations are baseless, any amendment would be futile. The court therefore recommends dismissing this case with prejudice.

Because not all parties have had the opportunity to consent to magistrate-judge jurisdiction, this court cannot "resolve the case finally." *See Coleman v. Labor & Indus.*

*Review Comm'n*, 860 F.3d 461, 475 (7th Cir. 2017). Thus, the Clerk of Court shall randomly assign this matter to a district judge to consider the court's recommendation that Fowlkes's complaint and this action be dismissed.

**IT IS THEREFORE ORDERED** that Fowlkes's Motion to Proceed in District Court without Prepaying the Filing Fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER RECOMMENDED** that Fowlkes's complaint and this action be **DISMISSED** with prejudice.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2) whereby written objections to any recommendation herein or part thereof may be filed within fourteen days of service of this recommendation. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 30th day of April, 2026.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge