**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

BENEDICTA FOWLKES,

        Plaintiff,

v.

NBA/WNBA,

        Defendants.

Case No. 26-CV-733-JPS

**ORDER**

On April 27, 2026, Plaintiff Benedicta Fowlkes ("Fowlkes") filed a pro se complaint alleging that Defendants NBA/WNBA have harassed her since birth. ECF No. 1. The case was randomly assigned to Magistrate Judge William E. Duffin. Magistrate Judge Duffin has submitted a report and recommendation, in which he determined that Fowlkes was indigent for the purpose of proceeding without prepayment of the filing fee. ECF No. 4. However, he also found that Fowlkes' claims were frivolous and recommended the action be dismissed with prejudice. ECF No. 5 at 5 (citing *Denton v. Hernandez*, 504 U.S. 25, 32 (1992)).

Pursuant to General Local Rule 72(c), 28 U.S.C. § 636(b)(1)(B), and Federal Rule of Civil Procedure 72(b), the parties were advised that written objections to the magistrate's recommendation, or any part thereof, could be filed within fourteen days of the date of service of the recommendation. ECF No. 5. Fowlkes has filed objections. ECF No. 6. According to Fowlkes, the Court should not dismiss her case because she "need[s] the [C]ourt's help [to] keep a job[,] to tell the NBA/WNBA to stop hindering {her} from a job[,]" and from interfering with the "degrees that [she] applied for." *Id*. at

1. To that end, she asks the Court to "help [her] get [h]onorary recognition . . . in those fields of study," namely law, business, and nursing. *Id*. She also seeks to have the Court intervene to "prevent the NBA/WNBA" from "harass[ing] [her] further in [her] personal relationships and in the job market." *Id*. These objections are undeveloped at best; therefore, they are waived. *Carpenter v. Berryhill*, No. 1:16-cv-0833-DKL-WTL, 2017 WL 1074573, at *1 (S.D. Ind. Mar. 22, 2017) (citing *Crespo v. Colvin*, 824 F.3d 667, 673 (7th Cir. 2016)). Fowlkes' pro se status does not immunize her from having to develop legal arguments. *See Oden v. Page*, 23 F. App'x 553, 555 (7th Cir. 2001) (citing *Provident Sav. Bank v. Popovich*, 71 F.3d 696, 699–700 (7th Cir. 1995) and *Theede v. United States Dep't of Lab.*, 172 F.3d 1262, 1268 (10th Cir. 1999)); *Glisson v. U.S. Forest Serv.*, 876 F. Supp. 1016, 1025 (7th Cir. 1993) (citing *Small v. Endicott*, 998 F.2d 411, 416 n.3 (7th Cir. 1993)). As such, the Court will overrule Fowlkes' objections and adopt Magistrate Judge Duffin's recommendation to dismiss the case. Because Fowlkes' claims are frivolous, this dismissal will operate with prejudice. *El v. AmeriCredit Fin. Servs., Inc.*, 710 F.3d 748, 751 (7th Cir. 2013) (citing *Beauchamp v. Sullivan*, 21 F.3d 789, 790–91 (7th Cir. 1994)).

Accordingly,

**IT IS ORDERED** Plaintiff Benedicta Fowlkes' objections to Magistrate Judge William E. Duffin's report and recommendation, ECF No. 6, be and the same are hereby **OVERRULED**;

**IT IS FURTHER ORDERED** that Magistrate Judge William E. Duffin's report and recommendation, ECF No. 5, be and the same is hereby **ADOPTED**; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED with prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 26th day of May, 2026.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. *See* FED. R. APP. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* FED. R. APP. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* FED. R. CIV. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.